IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SADIA ZIAE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:24-cv-01122-S-BT |
| | § | |
| MERRICK B. GARLAND, U.S. Attorney General, *et al.*, | § § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case concerns a purported unreasonable delay in the adjudication of *pro se* Plaintiff Sadia Ziae's applications for "humanitarian parole" on behalf of several of his family members living in Afghanistan. Defendants filed a Motion to Dismiss Ziae's complaint for lack of subject matter jurisdiction or, alternatively, for insufficient service of process. Mot. (ECF No. 8). For the reasons explained below, the District Judge should GRANT Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1).

## Background

Ziae is a United States citizen living in Texas. Compl. ¶ 3-4 (ECF No. 3). On April 8, 2022, he submitted applications for parole entry into the United States (Forms I-131) to United States Citizenship and Immigration Services (USCIS) on behalf of six of his family members, Afghan nationals, living in Afghanistan. *Id.* ¶

1

10. USCIS denied Ziae's requests for expedited processing, *id.* ¶ 11, and his Forms I-131 remain pending.

On May 10, 2024, Ziae filed his Complaint against Defendants Merrick Garland, Attorney General of the United States; Alejandro Mayorkas, Secretary of the U.S. Department of Homeland Security; Ur Jaddou, Director of USCIS; and Antony Blinken, U.S. Secretary of State. Compl. 2-3. Ziae alleges that Defendants' delay in adjudicating his Forms I-131 constitutes an unreasonable delay of a non-discretionary agency action in violation of the Administrative Procedures Act (APA), 5 U.S.C. § 706, and the Mandamus Act, 28 U.S.C. § 1361. *Id.* at 4-5. Ziae contends that he is "entitled to a declaration that USCIS . . . has unreasonably delayed and unlawfully withheld adjudication of these applications" and seeks an order compelling USCIS to adjudicate his Forms I-131. *Id.* at 6.

Defendants filed their Motion to Dismiss in response, arguing that the Court should dismiss Ziae's claims because it lacks jurisdiction under both the APA and the Mandamus Act. Mot. 1 (ECF No. 8). Alternatively, Defendants argue Ziae's claims should be dismissed because he did not effectuate proper service. *Id.* Ziae filed his Response (ECF No. 12), Defendants filed their Reply (ECF No. 13), and Ziae filed a sur-reply (ECF No. 14).

**Legal Standards**

Rule 12(b)(1) Lack of Subject Matter Jurisdiction

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If the court determines at any time

2

that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation marks and citation omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted).

Rule 12(b)(5) Insufficient Service of Process

Rule 12(b)(5) permits a challenge to the plaintiff's method of service or the lack of delivery of the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013) (citations omitted). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam) (citations omitted). "To establish good cause, a [plaintiff] must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Id.* (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). A plaintiff's *pro se* status does not excuse the failure to properly effect service. *Id.* (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

**Analysis**

1. <u>Ziae's APA claim</u>

The APA gives any "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute" the right to judicial review. 5 U.S.C. § 702. The APA requires an administrative agency to act upon matters presented to it "within a reasonable time." § 555(b). And where agency action is "unlawfully withheld or unreasonably delayed," the court "shall compel agency action." § 706(1). However, the APA does *not* apply when a statute "precludes judicial review" or to agency action that is "committed to agency discretion by law." § 701(a)(1) & (2).

Defendants contend that the Fifth Circuit has held that 8 U.S.C. § 1252(a)(2)(B)(ii), which is part of the Immigration and Nationality Act (INA), strips courts of jurisdiction to review USCIS's pace of adjudication of applications for adjustment-of-status (Forms I-485).[1] Mot. 5 (citing *Bian v. Clinton*, 605 F.3d 249 (5th Cir. 2010), *vacated as moot*, 2010 WL 3633770 (5th Cir. Sept. 16, 2010) and *Cheejati v. Blinken*, 106 F.4th 388, 394 (5th Cir. 2024)). And, because that statute and 8 U.S.C. § 1182(d)(5)(A), the statute applicable to adjudication of

---

[1] Defendants also argue that the APA's "exception for discretionary [agency] action applies," precluding the Court's jurisdiction over Ziae's claim, because the timing of parole decisions for non-citizens is traditionally committed to agency discretion, as evidenced by the absence of a meaningful standard against which courts can evaluate. Mot. 8-13. But the Court may pretermit consideration of this argument because the pace of USCIS's adjudicating of Forms I-131 falls within the jurisdiction-stripping scope of 8 U.S.C. § 1252(a)(2)(B)(ii).

4

Forms I-131, contain similar, broad discretionary language, the Court should conclude that it lacks jurisdiction to review Ziae's claims challenging the pace of adjudication of his Forms I-131. *Id.* at 6.

Indeed, § 1252(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review any…decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified…to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). And the Fifth Circuit has held that § 1252(a)(2)(B)(ii) prevents courts from reviewing discretionary immigration decisions and actions— specifically in the context of the timing of Form I-485 adjudications. *Cheejati*, 106 F.4th at 394 (holding that that § 1252(a)(2)(B)(ii) strips courts of jurisdiction to review USCIS's pace of adjudication of Forms I-485); *Bian*, 605 F.3d at 252-53 (same). That is, the Court found the text of § 1252(a)(2)(B)(ii) constitutes clear and convincing evidence that Congress intended to preclude judicial review of the Attorney General's discretionary decisions about Form I-485 adjudications.

Section 1182(d)(5)(A) provides that "[t]he Attorney General *may…in his discretion* parole into the United States temporarily *under such conditions as he may prescribe* only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States."[2]

---

[2] Although § 1182(d)(5)(A) refers to the Attorney General, Congress transferred enforcement of immigration laws to the Secretary of Homeland Security under the Homeland Security Act of 2002, Pub. L. No. 107-296, § 402, 116 Stat. 2135, 2178 (2002).

5

8 U.S.C. § 1182(d)(5)(A) (emphasis added). This broad language granting USCIS discretionary authority over Form I-131 adjudications is substantially similar to the language granting the government discretionary authority over Form I-485 adjudications. *See* 8 U.S.C. § 1255 (granting the government broad discretionary authority with respect to status adjustments through text providing that the Attorney General "may," "in his discretion," "under such regulations as he may prescribe" grant such adjustments). The Fifth Circuit has held that "§ 1252(a)(2)(B)(ii) strips federal courts of jurisdiction to review *any discretionary* decision or action rendered by the Attorney General"—including "not only the ultimate decision to adjust an applicant's immigration status but also…the pace at which that process is undertaken." *Cheejati*, 106 F.4th at 394 (citing *Bian*, 605 F.3d at 252-53). Thus, applying the Fifth Circuit's decisions in *Bian* and *Cheejati*, the Court should conclude that USCIS's decisions and actions regarding Form I-131 adjudications—including any delay in adjudicating the application—fall within the scope of § 1252(a)(2)(B)(ii).

Further, while the Fifth Circuit has not specifically addressed whether § 1252(a)(2)(B)(ii) precludes review of USCIS's decisions and actions regarding Form I-131 adjudications, other circuits have. *See Vazquez Romero v. Garland*, 999 F.3d 656, 665 (9th Cir. 2021) (citing *Hassan v. Chertoff*, 593 F.3d 785, 790 (9th Cir. 2010) ("the jurisdiction stripping provision of 8 U.S.C. § 1252(a)(2)(B)(ii) applies to discretionary parole decisions under 8 U.S.C. § 1182(d)(5)(A)."); *Samirah v. O'Connell*, 335 F.3d 545, 549 (7th Cir. 2003) ("[b]ecause the…decision

6

to grant or revoke [§ 1182(d)(5)(A)] parole is squarely within the ambit of § 1252(a)(2)(B)(ii)…the district court lacked jurisdiction to review"); *See also Islam v. Quarantillo*, 803 F. App'x 543, 545 (2d Cir. 2020) (holding that section 1252(a)(2)(B)(ii) rendered a humanitarian-parole decision "unreviewable in federal district court"); *Ashish v. U.S. Att'y Gen.*, 490 F. App'x 486, 487 (3d Cir. 2013) ("We do not have jurisdiction to review the…exercise of discretion in decisions to grant or deny parole, 8 U.S.C. §§ 1182(d)(5)(A) & 1252(a)(2)(B)(ii)."); *Pouzo v. USCIS Miami*, 2013 WL 1296262, at *1 (11th Cir. 2013) ("The decision whether to parole an alien into the United States rests within the discretion of the Secretary, 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(a), and that discretionary decision is shielded from judicial review, 8 U.S.C. § 1252(a)(2)(B).").

In sum, the weight of authority favors finding that § 1252(a)(2)(B)(ii) bars the Court from reviewing Ziae's claims.

2. Ziae's Mandamus Act claim

The Mandamus Act vests district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, mandamus relief is appropriate only "when (1) the plaintiff has a clear right to relief, (2) the defendant [has] a clear duty to act, and (3) no other adequate remedy exists." *Wolcott v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011); *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992) (noting mandamus is proper when the duty is "so plainly prescribed as to be free from doubt").

7

Mandamus relief is a "drastic and extraordinary" remedy available only when a plaintiff shows the right to the writ is "clear and indisputable." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004).

Here, because of USCIS's discretion over the pace of adjudication of Forms I-131, Ziae has failed to sufficiently allege that his right to mandamus relief is "clear and indisputable." *Cf. Pouzo*, 2013 WL 1296262, at *1 (per curiam) (concluding that "[t]he district court lacked authority to consider Pouza's complaint under the Mandamus Act…because the Secretary [of the Department of Homeland Security] did not owe Pouza a 'clear non-discretionary duty' " to grant her parole into the United States, since "[t]he decision whether to parole an alien into the United States rests within the discretion of the Secretary . . . and that discretionary decision is shielded from judicial review [under] 8 U.S.C. § 1252(a)(2)(B).").

   3. Ziae's failure to effectuate proper service on Defendants

Alternatively, Defendants argue an additional grounds for dismissal—that Ziae did not properly effect service of process. Ziae, proceeding *pro se*, paid the statutory filing fee and is responsible for properly serving Defendants, United States employees sued their official capacities, with a summons and complaint in accordance with Federal Rule of Civil Procedure 4(i).[3]

---

[3] Federal Rule of Civil Procedure 4(i) provides the following instructions for serving the United States and its agencies, corporations, officers, or employees:

(1)    **United States**. To serve the United States, a party must:

Defendants argue that Ziae's mail to the U.S. Attorney's Office was improperly addressed to "Clerk at the Office of the US Attorney for the Northern District of Texas" when he was instead required to identify the addressee as "the civil-process clerk at the United States attorney's office." Mot. 15. Ziae argues that "service of process in this case was properly executed, ensuring that Defendants received notice of the action and the opportunity to respond" and if the Court does find procedural defects in service, that it should grant him an opportunity to cure them. Resp. 5.

---

(A)  (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B)  send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C)  if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

(2)  ***Agency; Corporation; Officer or Employee Sued in an Official Capacity***. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

The Court finds that Ziae failed to effectuate proper service on the United States as required by Rule 4(i) because the mail was not addressed to "the civil-process clerk at the United States attorney's office." *See Jackson v. Ray*, 2021 WL 4848898, at *3 (N.D. Tex. Sept. 23, 2021) (finding service was improper when mail addressed to the acting U.S. Attorney by first and last name instead of to the "civil-process clerk at the United States attorneys' office") (citing cases).

Despite this failure, "[t]he Court rarely dismisses a case due to the failure to properly serve a defendant" and "[o]n occasions where the Court has granted dismissal for improper service, it was only after multiple chances were given." *Coleman v. Carrington Mortg. Serv., LLC*, 2020 WL 4723174, at *5 (E.D. Tex. July 27, 2020) (internal quotation marks omitted); *see also Styles v. McDonalds Rest.*, No. 4:17-cv-791 (E.D. Tex. July 24, 2019), ECF No. 56 (Mazzant, J.) (declining to dismiss the case under Rule 12(b)(5) until "[p]laintiff failed to properly serve [d]efendant after multiple opportunities and failed to demonstrate good cause for such failure") (emphasis added); *Bowling v. Childress-Herres*, 2019 WL 4463450, at *6 (E.D. Tex. Aug. 7, 2019) (providing plaintiff multiple opportunities to serve defendant), *adopted by* 2019 WL 4451122 (E.D. Tex. Sept. 17, 2019). Even if Ziae had properly served the United States attorney for the Northern District of Texas by the methods set out in Fed. R. Civ. P. 4(i)(A) or (B), granting him an additional opportunity to effect service would be futile given that the Court lacks subject matter jurisdiction over his claims.

## Recommendation

The District Judge should dismiss Ziae's claims against Defendants under Rule 12(b)(1).

**SO RECOMMENDED**.

November 8, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).